CRICHTON,-J.,
additionally concurs and assigns reasons.
hi agree in all respects with the holding of this case, but- write separately to note that the liberty interest at stake necessitates a strict application of criminal law, and this strict application mandates the majority’s outcome.
For reasons known only to that office, the district attorney: (I) failed to contemporaneously object at time of sentencing; (2) failed to file a written motion for reconsideration pursuant to La.C.Cr.P. 881.1(A); and (3) failed to appeal or seek review of the sentence pursuant to La.C.Cr.P. art. 881.2.[1] . After the court of. appeal’s split decision, and for the first time on record at the Louisiana Supreme Court, the district attorney argued for a minimum sentence of 25 years hard labor, explaining at oral argument that the’ prosecuting lawyer at the trial and intermediate appellate levels made an error and is no longer with the office.[2] The action taken by the assistant district attorney at trial is directly imputed to the district attorney and State of Louisiana. To suggest that that lawyer’s severance from the district 12attorney’s office somehow cures the issue, excuses the office, or even mitigates the legal dilemma demonstrates a profound misunderstanding of this tenet' of our criminal law.
The failure of the State to lodge an objection at the trial court level or seek review at the intermediate appellate level renders the district attorney’s position untenable. As such, it must be rejected. The rule of law and the integrity ''of the administration of justice deserve no less.

. Though not part of the record, the State acknowledged this failure of the district attorney’s office at oral argument before this Court: -
Justice Crichton: No contemporaneous objection, no motion for reconsideration of 'sentence under article 881.1, no discussion about it at the third circuit'... right?
State of Louisiana: Yes.

. Again, when pressed on this issue at oral argument before this Court, the State’s answer is illustrative:
State of Louisiana: Ok, where my office was, was with the prosecutor who no longer ... no longer works with us and never alerted my section who was the section that handles this to this issue. The brief at the third circuit, also not pointing fingers, but I didn’t draft it either. If it’s not’raised, we don’t conduct our own patent error review, I’m sorry, we just don’t ... Do, I wish that I had caught this sooner or that someone in my office had caught this sooner? Sure.